UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON JONES,

    Plaintiff,

-vs-

                                  Case No. 07-12383
                                  Judge Avern Cohn

KEYCORP BANK *et al.*,

    Defendant.
                                      /

## MEMORANDUM AND ORDER GRANTING
## DEFENDANT CAPITAL ONE BANK'S MOTION TO DISMISS

### I. Introduction

This case arises out of a dispute between an individual and several consumer credit reporting agencies and potential creditors. The plaintiff, Sharon Jones ("Jones"), filed for personal bankruptcy in 1998 and obtained full or partial discharge of a number of outstanding debts. Since then, Jones has made timely payments on all her remaining debts pursuant to repayment schedules approved by the bankruptcy court. Jones says that despite her compliance with the repayment schedules, several credit reporting agencies have issued reports that inaccurately described her credit history and harmed her ability to obtain credit. Jones claims that Defendant Capital One Bank ("Capital One") relied on one or more such faulty reports in refusing to extend credit to her, then refused to reconsider its decision after she drew its attention to the problem. Jones says that Capital One's conduct violated the Equal Credit Opportunity Act

1

("ECOA"), 15 U.S.C. § 1691, and a regulation issued thereunder, 12 C.F.R. § 202.6(b)(6)(ii).

Jones does not claim that Capital One's refusal to extend credit was rooted in discrimination "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). Jones also does not claim that Capital One failed to comply with the notification provisions of the ECOA in taking adverse action against Jones. See 15 U.S.C. § 1691(d).

Before the Court is Capital One's motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Capital One's motion will be granted.

## II. Legal Standard

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1965 (2007).

## III. Discussion

In her brief, Jones seems to admit that Capital One's alleged conduct does not violate the ECOA itself. Rather, Jones relies on a regulation issued by the Board of Governors of the Federal Reserve ("the Board") under the authority of the ECOA. The regulation provides in relevant part:

> (6) *Credit history.* To the extent that a creditor considers credit history in evaluating the creditworthiness of similarly qualified applicants for a similar type and amount of credit, in evaluating an applicant's creditworthiness a creditor shall consider:
>
> (i) The credit history, when available, of accounts designated as accounts that the applicant and the applicant's spouse are permitted to use or for which both are contractually liable;
>
> (ii) On the applicant's request, any information the applicant may present that tends to indicate that the credit history being considered by the creditor does not accurately reflect the applicant's creditworthiness; and
>
> (iii) On the applicant's request, the credit history, when available, of any account reported in the name of the applicant's spouse or former spouse that the applicant can demonstrate accurately reflects the applicant's creditworthiness.

12 C.F.R. § 202.6(b)(6). Jones argues that subsection (ii) requires potential creditors to review any information the consumer presents tending to show that a credit history is inaccurate or misleading; further, Jones says that subsection (ii) requires creditors to reconsider a past denial of credit when it was based at least in part on a faulty credit report.

3

In its motion to dismiss, Capital One argues first that subsection (ii) does not apply because it was intended only to address problems arising in connection with joint accounts with a spouse or former spouse. With this view, the provision has no application to the sort of misleading information that Jones alleges was contained in her credit report. Capital One points out that subsections (i) and (iii) deal exclusively with problems related to joint accounts. Because the entire regulation must be read together, it says, a similar limitation should be imputed to subsection (ii).

This argument is unconvincing. The plain language of subsection (ii) does not at all suggest that its application should be restricted to misinformation related to joint accounts. The omission of any express reference to joint accounts, such as is contained in subsections (i) and (iii), is significant. Had the Board intended to impose the limitation that Capital One suggests, presumably it would have included such language in subsection (ii); the fact that it did not raises the inference that the Board intended subsection (ii) to have broader applicability. See U.S. v. Stauffer Chem. Co., 684 F.2d 1174, 1186 (6th Cir. 1982) ("Ordinarily, the use of different language [within a statute] creates an inference that Congress meant different things."). Moreover, the legislative history of subsection (ii) leaves little doubt that it was meant to allow applicants to correct any misinformation that might be contained in a credit report, not only misinformation connected to joint accounts. See 41 Fed. Reg. 29,874 (July 20, 1976) ("[T]he Board proposes in (ii) to allow an applicant to present information to explain a lack of or a bad credit history because a credit history or its absence may not accurately reflect an applicant's creditworthiness.").

Second, Capital One argues that the complaint should be dismissed because the regulation only requires consideration of information submitted by the applicant with an initial application; it does not apply to the sort of post-denial requests for reconsideration that Jones makes in this case. The plain language of the regulation supports Capital One's contention on this point. Subsection (ii) applies to "the credit history being considered." At the time Jones submitted her supplemental information to Capital One, however, her credit history was not "being considered"; it had already been considered and rejected. The regulation does not by its terms require potential creditors to revisit previous rejections of applications for credit, even where those rejections may have been based on faulty or incomplete information. See Grant, 1990 WL 19466 at *2. Although the Grant court did not specifically consider 12 C.F.R. § 202.6(b)(6)(ii), it should be noted that the regulation had been enacted well before the court reached its decision.

Jones urges that reading the regulation not to require post-denial reconsideration leaves applicants without effective means to redress denials based on erroneous information. However, Jones and others in her position may simply apply for credit anew and include the corrected information. Any potential creditor would then be required to consider her application in accordance with the terms of the ECOA.

### IV. Conclusion

The language of 12 C.F.R. § 202.6(b)(6)(ii) does not require creditors to review past denials of credit even where the denials may have been based on faulty information, and Jones has failed to identify any persuasive reason to depart from the plain meaning of the regulation. Her complaint therefore fails to state a claim for which

relief may be granted as against Capital One. Capital One's motion is GRANTED;

Capital One is DISMISSED from the case.

    SO ORDERED.

                                  s/Avern Cohn  
                                  AVERN COHN  
                                  UNITED STATES DISTRICT JUDGE

Dated: February 6, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 6, 2008, by electronic and/or ordinary mail.

                                  s/Julie Owens  
                                  Case Manager, (313) 234-5160